IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02775-BNB

MARIO A. MORENO,

    Applicant,

v.

TK. COZZA-RHODES, Warden,

    Respondent.

ORDER OF DISMISSAL

Applicant, Mario A. Moreno, is in the custody of the United States Bureau of Prisons (BOP) and is incarcerated currently at the Federal Correctional Institution in Florence, Colorado.  He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the validity of his sentence imposed by the United States District Court for the Western District of Texas. On November 6, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Moreno to respond and show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court.  Mr.  Moreno filed a Reply to Show Cause Order on November 21, 2012.

The Court must construe Mr. Moreno's Application liberally because he is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the Application and dismiss this action.

The Court's PACER docketing service indicates that Mr. Moreno was convicted pursuant to his guilty plea in the United States District Court for the Western District of Texas in Case No. 08-cr-02089-PRM of knowing and intentionally importing a Schedule I Controlled Substance from Mexico into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).  He was sentenced to a 70-month term of imprisonment with the BOP, followed by a five-year term of supervised release.  Mr. Moreno did not file a direct appeal of his conviction or sentence.

Mr. Moreno asserts in the § 2241 Application that the five-year term of supervised released imposed by the sentencing court was two years greater than the three-year term authorized by 21 U.S.C. §§ 952(a) and 960(b)(3).  (ECF No. 1-1, at 1-2 of 29).  He further claims that he was sentenced based on "an overstated Criminal History Category (CHC) scoring [that misapplied the] U.S.S.G. [United States Sentencing Guidelines] in re. of prior convictions, resulting in a 26-35 month increase of sentence." (*Id.* at 3).  Mr. Moreno requests that his supervised release be adjusted to a period of one year and that he be released immediately because his continued custody violates the Constitution.

Mr. Moreno appears to be challenging the validity of the sentence imposed by the United States District Court for the Western District of Texas.  "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).  "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th

Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241, which attacks the execution of a sentence, "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also* **Brace v. U.S.**, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction."). Mr. Moreno bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. **Prost v. Anderson**, 636 F.3d 578, 584 (10th Cir. 2011) (citing **Miller v. Marr**, 141 F.3d 976, 977 (10th Cir. 1998)).

Mr. Moreno fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The mere fact the limitations provisions set out in 28 U.S.C. § 2244(d) would likely render a § 2255 motion untimely does not establish that the statutory remedy is inadequate or ineffective. *See* **Bradshaw**, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (quoting **Williams**, 232 F.2d at 673) (internal quotations and citation omitted); *see also* **Caravalho**, 177 F.3d at 1179 (internal citations omitted). The remedy available pursuant to § 2255 may be inadequate or

ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *Caravalho*, 177 F.3d at 1178. However, Applicant does not allege any of these circumstances.

Mr. Moreno asserts in his Reply to Show Cause Order that he is challenging the execution of his sentence rather than its validity. However, his claims that the sentencing court imposed a greater term of supervised release than authorized by statute and misapplied the United States Sentencing Guidelines clearly attack the legality of his sentence. Applicant therefore must raise his claims in a § 2255 proceeding and he has failed to demonstrate that his remedy in the sentencing court is inadequate or ineffective.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Moreno fails to demonstrate that the remedy available to him in the United States District Court for the Western District of Texas is ineffective or inadequate to test the legality of his detention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Moreno may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of     November    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court