IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02775-LTB

MARIO A. MORENO,

    Applicant,

v.

TK. COZZA-RHODES, Warden,

    Respondent.

ORDER DENYING MOTION FOR RECONSIDERATION

The matter before the Court is the Motion for Reconsideration Under Fed. R. Civ. P. 59(e) (ECF No. 10), filed by Applicant Mario A. Moreno, a *pro se* litigant, on December 17, 2012. Mr. Hill is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Moreno seeks reconsideration of the Order of Dismissal and the Judgment entered on November 29, 2012. The Court must construe the Motion liberally because Mr. Moreno is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within

twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Moreno's Motion for Reconsideration pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on November 29, 2012. *See Van Skiver*, 952 F.2d at 1243.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Moreno simply reasserts the arguments he set forth in the Response to the Court's November 6, 2012 Order to Show Cause (ECF No. 7). As this Court stated in the November 29, 2012 Order of Dismissal, Mr. Moreno's claims that the sentencing court imposed a greater term of supervised release than authorized by statute and misapplied the United States Sentencing Guidelines clearly attack the legality of his federal sentence. As such, he must raise his claims in a § 2255 proceeding. The mere fact the limitations provisions set out in 28 U.S.C. § 2244(d) would likely render a § 2255 motion untimely does not establish that the statutory remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam) (internal quotations and citation omitted);

*see also Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) (internal citations omitted).

      Nothing Mr. Moreno asserts in the Motion for Reconsideration indicates that his remedy in the sentencing court was inadequate or ineffective. Mr. Moreno, therefore, fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. The Motion for Reconsideration will be denied. Accordingly, it is

      ORDERED that Applicant Mario A. Moreno's Motion for Reconsideration Under Fed. R. Civ. P. 59(e) (ECF No. 10), is denied.

      DATED at Denver, Colorado, this 28th day of December, 2012.

BY THE COURT:

s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court